IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-cv-00060-BO-BM

FRANCIS A.M. MANNO,
    Plaintiff,

v.

SUSAN McRAE, KAREN OPPELT,
ALLISON DANELL, and MEMBERS
OF THE IACUC,
    Defendants.

ORDER

This matter is before the Court on Plaintiff's motion to request CM/ECF access [DE 27], motion to continue [DE 28], and motion for a preliminary injunction prohibiting East Carolina University from conducting federally funded research [DE 11]. Defendants have filed a joint motion to dismiss [DE 22]. For the following reasons, Plaintiff's motion for CM/ECF access is granted, while the motion to continue and motion for a preliminary injunction are denied. Defendant's motion to dismiss is granted.

## BACKGROUND

Dr. Francis A.M. Manno is a researcher at East Carolina University (ECU). His research involves the use of animal subjects, and as such, his research requires an official protocol for the care and handling of the animals that meets federal requirements. Federal law requires these protocols to be approved by the Institutional Animal Care and Use Committee (IACUC), a group made up of faculty, researchers, and veterinarians at each university that conducts animal research.

Plaintiff alleges that he first submitted his protocol to ECU's IACUC on August 24, 2022 [DE 1-1 at 2]. Then, upon receiving feedback and questions from the IACUC, he submitted sixteen different revisions over the course of a year [DE 1-1 at 3]. Plaintiff claims that the IACUC never

cited to a specific federal requirement that his protocol failed to meet, and that identical protocols have been approved for use at other institutions within the University of North Carolina system.

Plaintiff filed a *pro se* complaint in federal court, along with approximately 800 pages of attachments and exhibits. The complaint lists as defendants three professors at ECU and other unspecified "Members of the IACUC." [DE 1 at 2]. Plaintiff alleges that, by failing to approve his protocol, the defendants have contravened numerous provisions of the Code of Federal Regulations [DE 1-1 at 2]. In doing so, he claims that they have violated his constitutional rights to due process, discriminated against him in violation of the equal protection clause, and breached the commerce clause by inhibiting the transmission of research across state lines [DE 8 at 7, 13–14]. These three constitutional claims make up the core of plaintiff's complaint. As relief, plaintiff requests $4,800,000 in damages [DE 1 at 4] and an injunction prohibiting ECU from engaging in certain federally funded research [DE 11].

The defendants have moved under Rule 12(b)(2) to dismiss the complaint in its entirety for lack of subject matter jurisdiction due to Eleventh Amendment sovereign immunity.

## ANALYSIS

Federal Rule of Civil Procedure 8(e) requires a Court to construe pleadings "so as to do justice." A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). With this principle in mind, the Court addresses the arguments below.

### I.    The Plaintiff has brought these claims in an incorrect form.

As an initial matter, the Court notes that the plaintiff has brought his claims by citing directly to the United States Constitution. The proper avenue for making constitutional claims is

2

provided by 42 U.S.C. § 1983. Bringing these claims in an incorrect form is an adequate and independent ground for dismissal. *Cale v. City of Covington, Va.*, 586 F.2d 311, 318 (4th Cir. 1978); *Chase v. City of Portsmouth*, 2005 WL 3079065, at *10 (E.D. Va. 2005) ("[A] plaintiff must use Section 1983 as a vehicle to enforce causes of action implied directly from the Constitution). However, there are more fundamental reasons to grant the motion to dismiss.

## II. The defendants are protected by Eleventh Amendment sovereign immunity.

Claims against institutional defendants and officials of those agencies must withstand the Eleventh Amendment's jurisdictional bar of sovereign immunity. *Weller v. Dep't of Soc. Servs. for the City of Baltimore*, 901 F.2d 387, 398 (4th Cir. 1990). "The Eleventh Amendment embodies the principle of sovereign immunity and prohibits suit by private parties against states in federal courts unless a state has waived its immunity." *Id.* at 397.

East Carolina University is a public university, and as such, enjoys sovereign immunity under the Eleventh Amendment. *Braun v. Braun*, 2023 WL 3236906, at *9 (W.D.N.C. 2023). The IACUC, consisting of ECU faculty members, is a constituent committee of ECU and equally entitled to sovereign immunity. To circumvent this jurisdictional bar, plaintiff has argued that Eleventh Amendment immunity does not apply for two reasons.

Firstly, plaintiff argues that he has not brought suit against ECU itself, but instead against three individual professors and unspecified Members of the IACUC [DE 32 at 4].[1] This amounts to a distinction between suing the members in their personal capacities and their official capacities. "[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the

---

[1] Naming as a defendant "Members of the IACUC" neither provides adequate notice to those unnamed defendants, nor does it satisfy Federal Rule of Civil Procedure 10(a)'s requirement that the "complaint must name all the parties."

3

plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995).

Here, the plaintiff takes issue with the actions of the IACUC in declining to approve his protocol application [DE 8-2 at 2–3]. Plaintiff does not state that these specific individuals engaged in unlawful behavior towards him, nor does he object to anything other than the decision of the IACUC to continue asking him to refine his protocol [DE 8-2 at 7]. Though damages are unavailable in official capacity suits and the plaintiff here does request damages, such a request does not always "outweigh the nature of the proposed claims," especially when the plaintiff's apparent intent is to hold the defendants "accountable for actions taken in their capacity as state officials." *Thomas v. N. Carolina Mut. Life Ins. Co.*, 2022 WL 19569528, at *4 n.5 (E.D.N.C. 2022). Because plaintiff's complaint regards the actions taken by the defendants as part of the IACUC, the Court construes these claims to be made against the defendants in their official capacities. And, because state officials sued in their official capacity for damages are also protected by Eleventh Amendment immunity, the named defendants are therefore immune from the present suit. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003).

Second, plaintiff argues that the IACUC is not part of ECU for the purposes of sovereign immunity. In support of this, he points to 2 U.S.C. § 1602(15)(A)(i), which defines a "public official" as "any elected official, appointed official, or employee… of a Federal, State, or local unit of government in the United States other than… a college or university." Plaintiff claims, incorrectly, that this exempts the ECU professors from the protections of sovereign immunity. However, the Eleventh Amendment does not style its protections in terms of "public officials"—instead, what matters is whether an individual is sued in their official capacity as an instrumentality

4

of the state. *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248 (4th Cir. 2012). That is what the plaintiff alleges here.

Further, plaintiff points to a 1992 case from the Supreme Court of Vermont in which the state court exercised jurisdiction over the University of Vermont's IACUC. *Animal Legal Def. Fund, Inc. v. Institutional Animal Care & Use Comm. of the Univ. of Vermont*, 616 A.2d 224 (Vt. 1992). Overlooking the fact that this case was in state court, is over thirty years old, and addressed whether an IACUC was subject to a state-specific open-meeting law, it does not prove what plaintiff claims it does. In fact, Justice Gibson explicitly states in the case that "the IACUC is a committee of the University of Vermont" and that it was a "public agency." *Id.* at 139–40.

Finally, and most critically, the plaintiff has alleged no facts suggesting that the state has waived its sovereign immunity for the purposes of this litigation. The Court has liberally construed the *pro se* pleadings presently before it, and cannot find a claim against the current defendants that fits a recognized exception to the Eleventh Amendment. As such, this Court cannot presently exercise jurisdiction over these defendants, and plaintiff's claims must be dismissed.

### III. The *Ex parte Young* exception does not apply, and the plaintiff is not entitled to an injunction.

Plaintiff also argues that the *Ex parte Young* exception applies to the present suit, and that he is entitled to injunctive relief. Plaintiff particularly alleges that ECU has violated provisions of the Code of Federal Regulations, and requests that ECU be enjoined from conducting any research using certain federal funds [DE 11].

The doctrine of *Ex parte Young*, 209 U.S. 123, 159–60 (1908), provides an exception to Eleventh Amendment immunity where suit is brought against state officials and the plaintiff seeks "prospective equitable relief from an ongoing violation of federal law." *Allen v. Cooper*, 895 F.3d 337, 354–55 (4th Cir. 2018), *aff'd*, 589 U.S. 248 (2020). For *Ex parte Young* to apply, the plaintiff

5

Case 4:24-cv-00060-BO-BM    Document 36    Filed 12/02/24    Page 5 of 6

must also show that "a party defendant... has some connection with the enforcement" of the allegedly unconstitutional policy. *Id.* Such a special relationship is marked by "a measure of *proximity to* and *responsibility for* the challenged state action." *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008) (emphasis in original).

Here, no special relationship exists between the named defendants and the challenged actions of the IACUC. Professor McRae and Professor Oppelt are members of the IACUC, but do not direct the activities of the Committee, which often makes decisions by majority vote. Professor Danell is not a member of the IACUC at all. As such, *Ex parte Young* does not here provide an exception to the protections of Eleventh Amendment immunity.

## CONCLUSION

For the foregoing reasons, Plaintiff Manno's motion for injunctive relief [DE 11] is DENIED. Plaintiff Manno's motion to continue [DE 28], which consisted only of further arguments against defendants' motion to dismiss that have been addressed elsewhere in this Order, is DENIED. Plaintiff Manno's motion for CM/ECF access [DE 27] is unopposed by Defendants, and is GRANTED.

Defendants' motion to dismiss [DE 22] is GRANTED. The Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this ___ day of November 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE